**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

DON BENNETT,                                        )
                                                   )
                         Petitioner,               )
                                                   )
vs.                                                ) Case No 1:15-cv-1749-WTL-MPB
                                                   )
SUPERINTENDENT,                                    )
                                                   )
                         Respondent.               )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Don Bennett for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 15-07-0057. For the reasons explained in this Entry, Don Bennett's habeas petition must be **denied**.

**Discussion**

**Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## I. The Disciplinary Proceeding

On July 1, 2015, Sgt. D. Tomaw wrote a conduct report that charged Bennett with assault

and battery. The conduct report states:

> On 7-1-15 at approx.. 3:30 pm I Sgt. D. Tomaw stepped into the shift office to take
> care of paperwork. When I was in the shift office Offender Bennett, Don #190071
> West L-37L was in the office getting pictures taken of his injuries that he shown to
> have from his facial region. I asked the offender to step outside where I conducted
> questioning of the offender to find out what happened. The offender claimed he got
> 'mouthy' to an offender, who he refused to give a name. The offender went on to
> state that during the night around the times 9pm to 12 am the offender asked the
> individual to step into his room of West L-37L, once he done so the two offenders
> began to have an altercation in the cell. Offender Bennet stated that he received the
> worst of the altercation, once the two were done the two offender shook hands and
> it was over. I advised the offender that he was in violation of a 212-B and he would
> be receiving a conduct report. The offender was then placed in medical restraints
> and escorted to HUS.

On July 3, 2015, Bennett was notified of the charge and served with the conduct report and the

notice of disciplinary hearing "screening report." Bennett was notified of his rights, pled not guilty,

and did not request the appointment of a lay advocate. Bennett did not request any witnesses or

physical evidence. [dkt. 7-2].

The hearing officer conducted a disciplinary hearing on July 15, 2015. Bennett made the

following statement "I'm not guilty. Sgt. Tomaw wrote me up for 212 only after he wouldn't

accept the 'true story' of what happened. I told Sgt. Tomaw that I was standing on top of the

property boxes, slipped and fell and hit my face – causing the injury not from an altercation with

an offender." The hearing officer found Bennett guilty of the charge of assault and battery. [dkt.

7-3].

In making the guilty determination, the hearing officer relied on the conduct report and the

offender's statement. The following sanctions were approved: written reprimand – "do not stand

on unsteady items," two weeks of disciplinary segregation, a 90-day earned credit time

deprivation, and a demotion from credit class 1 to credit class 2, suspended. The sanctions were

imposed because of the likelihood of the sanctions of having a corrective effect on the offender's future behavior.

## II. Analysis

Bennett alleges the following errors: 1) the evidence is insufficient to support a guilty finding; and 2) there was a discrepancy in the date of the incident on the report of conduct. However, the Court agrees that Bennett failed to exhaust his administrative remedies. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The respondent argues that because the petitioner failed to exhaust the administrative appeals process regarding issue two, no relief can be given under the habeas corpus doctrine. [dkt. 7-4].

The petitioner did not file a reply brief. Because the undisputed record reflects that Bennett failed to timely exhaust his available administrative remedies before filing this action, the respondent's waiver argument is granted. The Court will only address issue one.

Bennett challenges the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Id.* (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb,* 224 F.3d at 652 (even "meager" proof is sufficient).

Here, the Report of Conduct states that Bennett told Sgt. Tomaw that he was involved in an altercation with another offender and sustained facial injuries. This is sufficient to satisfy the "some evidence" standard. *Hill*, 472 U.S. at 454. Bennett argues in the disciplinary appeal that he fell and was not involved in an altercation. However, this is simply an invitation to the Court to re-weigh the evidence—and that is an invitation the Court must **reject.** This is because, in reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson*, 188 F.3d at 786; *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989).

### III. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Bennett to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date:  9/21/16


Distribution:

Electronically Registered Counsel

Don Bennett, #190071
Plainfield Correctional Facility
Reception Diagnostic Center
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168